GLADNEY, Judge.
This action which is predicated on an alleged oral contract, was brought to recover the contract price of a Neon sign constructed by plaintiff for the defendant who denies he entered into such an agreement. The case was tried in the City Court of Bossier City and after consideration of conflicting testimony judgment was rendered in favor of plaintiff in the sum of $175. The defendant, Clifton M. Tyson, being aggrieved by the decision, has appealed to this court. Plaintiff has not appealed nor has he filed an answer to the appeal.
The plaintiff, William M. Palmer, testified the defendant, Tyson, on January 15, 1957, came to his place of business and there entered into a definite oral agreement wherein Tyson promised to pay plaintiff $400 for a Neon sign to be built and placed according to certain specifications; that the sign was so constructed, but when he attempted to make delivery and installation thereof he was prevented from doing so by Tyson’s landlord.
The testimony aforesaid, particularly as to the confection of the contract, was corroborated by Anthony Armenio who' assisted plaintiff in building the sign. The evidence disclosed that at the time defendant refused to pay for the sign, plaintiff had not entirely finished it, in that it was not hung upon a steel pole, nor had he affixed the required wiring and Neon tubing. However, the failure of plaintiff to do this was attributed to obstruction by defendant’s landlord who prevented the erection of the sign. Plaintiff and Ar-menio testified the necessary wiring and Neon tubing could have been installed only after the erection of the sign.
By way of defense, Tyson testified he discussed with plaintiff his need for a sign such as was partially constructed, but de- *563 dares he told plaintiff he was not in a position to pay for such a sign and would let him know at a later date whether he would want the sign. He said his business was closed out on January 16, 1957, the day following that Palmer had testified to be the date on which the agreement was perfected. Tyson insisted the conversation with Palmer relating to the sign occurred during the month of December. The testimony of the defendant that he went out of business on January 16, 1957, is not seriously controverted and we are of the opinion the subject conversation between plaintiff and defendant did, in fact, take place during December 1956.
As hereinabove pointed out, the testimony of Palmer as to the confection of the oral agreement is fully corroborated by Armenio. The only evidence offered in support of defendant’s position was the testimony of the defendant himself. Plaintiff has established the existence of the oral contract.
The record does not contain the written reasons of the judge a quo, and we can only infer from the judgment rendered he reduced the amount of the award because plaintiff was prevented from completing performance and was relieved of the expense of erecting a steel pole, doing the necessary wiring and attaching the Neon tubing. Manifestly, the judge a quo arbitrarily arrived at the award made for there is no evidence in the record upon which the judgment as rendered can be accurately tabulated. Notwithstanding this ratio decidendi plaintiff alone has a right to complain of the inadequacy of the award in his favor on the appeal, and since he has not appealed nor filed an answer to the appeal, he cannot urge an increase in the judgment.
Appellant urges that the judgment is manifestly in error in that it must have been adjudged on a quantum meruit basis. There is nothing in the record to indicate the judge did compute the award on a quantum meruit basis, and there is no evidence to support such a contention. We are not warranted in assuming such was the case.
Finding no error in the judgment from which appealed, and being of the opinion there is ample evidence in the record to substantiate the judgment with which appellant is aggrieved, the judgment will be affirmed at appellant’s cost.